**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MARC D. GUYAN<br>Plaintiff | : CIVIL ACTION NO.<br>: CA07-113ML<br>: |
| v. | :<br>: DATE OF FILING: |
| WAYNE E. RATCLIFFE, Alias and<br>WERNER ENTERPRISES, INC., Alias<br>Defendant | : MARCH 27, 2007<br>:<br>: ELECTRONICALLY FILED |

**DEFENDANTS WAYNE E. RATCLIFFE AND WERNER ENTERPRISES, INC.'S ANSWER, SEPARATE DEFENSES WITH COUNTERCLAIM AND JURY DEMAND TO PLAINTIFF MARC D. GUYAN'S COMPLAINT**

AND NOW, defendants, Wayne E. Ratcliffe and Werner Enterprises, Inc., by and through their attorneys, Rawle & Henderson LLP, hereby respond to plaintiff's complaint as follows:

1. Denied. Responding defendants have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 1 of plaintiff's complaint and therefore, said averments are denied.

2. Admitted in part, denied in part. It is admitted that defendant Wayne E. Ratcliffe is a resident of Locust Grove, Virginia. The remaining averments contained in paragraph 2 of plaintiff's complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

3. Admitted in part, denied in part. It is admitted that defendant Werner Enterprises, Inc. has its principle place of business located in Omaha, Nebraska. It is denied that defendant Werner Enterprises, Inc. is incorporated in Delaware. The remaining averments contained in paragraph 3 of plaintiff's complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

4. Admitted, upon information and belief.

5. Denied.

6. Admitted in part, denied in part. It is admitted only that defendant Wayne E. Ratcliffe was operating a motor vehicle while traveling in a northerly direction on Interstate Route 95. It is specifically denied that defendant Wayne E. Ratcliffe acted in a negligent, careless, and/or reckless in any manner whatsoever and defendants demand strict proof thereof at trial.

7. Admitted in part, denied in part. It is admitted that defendant Wayne E. Ratcliffe was operating a motor vehicle on September 14, 2005. Moreover, it is

admitted that Werner Enterprises, Inc. was the owner or lessee of the tractor involved in the accident and that the driver was operating the tractor-trailer while performing duties as an employee or agent of Werner Enterprises, Inc. with instructions to operate the tractor-trailer while using reasonable and due care and in compliance with all other applicable laws. The remaining averments contained in paragraph 7 of plaintiff's complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

8. Denied as stated. It is admitted that defendant Wayne E. Ratcliffe was operating a motor vehicle on September 14, 2005. Moreover, it is admitted that Werner Enterprises, Inc. was the owner or lessee of the tractor involved in the accident and that the driver was operating the tractor-trailer while performing duties as an employee or agent of Werner Enterprises, Inc. with instructions to operate the tractor-trailer while using reasonable and due care and in compliance with all other applicable laws. The remaining averments contained in paragraph 8 of plaintiff's complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

9. Denied. It is specifically denied that responding defendants acted in a negligent, careless, and/or reckless manner whatsoever and strict proof thereof is demanded at trial. Furthermore, the remaining averments contained in paragraph 9

of plaintiff's complaint contain conclusions of law to which no responsive pleading is required and if they are deemed otherwise, they are denied.

10. Denied. Responding defendants specifically deny that defendants were negligent, careless, and/or reckless in any manner whatsoever and strict proof thereof is demanded at trial. By way of further response, responding defendants have insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 10 of plaintiff's complaint and therefore, said averments are denied.

WHEREFORE, defendants Wayne E. Ratcliffe and Werner Enterprises, Inc. respectfully request that this Honorable Court dismiss plaintiff's complaint with prejudice, deny the relief requested therein, and grant judgment in favor of defendants and against plaintiff, and grant such other and further relief as the Honorable Court deems just and proper.

**SEPARATE DEFENSES**

FIRST SEPARATE DEFENSE

11. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND SEPARATE DEFENSE

12. No omissions or conduct on the part of defendants contributed to plaintiff's injuries and damages, if any.

THIRD SEPARATE DEFENSE

13. The negligence of plaintiff either bars plaintiff's right to recover completely or reduces their claims based upon the extent of plaintiff's negligence under the doctrine of comparative negligence.

FOURTH SEPARATE DEFENSE

14. Plaintiff's alleged damages, if any, were the result of an unavoidable accident, sudden emergency or Act of God.

FIFTH SEPARATE DEFENSE

15. Plaintiff's alleged accident was proximately caused, in whole or in part, by the fault of third parties for whom defendant is not legally responsible.

SIXTH SEPARATE DEFENSE

16. Plaintiff assumed the risk of any damages or injuries, and therefore, plaintiff's claims are barred or limited.

SEVENTH SEPARATE DEFENSE

17. Plaintiff failed to mitigate his alleged damages.

EIGHTH SEPARATE DEFENSE

18. The damages complained of by plaintiff pre-existed or are unrelated to the accident.

NINTH SEPARATE DEFENSE

19. Service of process was improper and/or insufficient.

TENTH SEPARATE DEFENSE

20. This Honorable Court lacks jurisdiction over defendants.

WHEREFORE, defendants Wayne E. Ratcliffe and Werner Enterprises, Inc. respectfully request that this Honorable Court dismiss plaintiff's complaint with prejudice, deny the relief requested therein, and grant judgment in favor of defendants and against plaintiff, and grant such other and further relief as the Honorable Court deems just and proper.

**COUNTERCLAIM**

**DEFENDANTS vs. MARC D. GUYAN**

21. Responding defendants incorporate by reference all preceding paragraphs of their answer as though more fully set forth herein.

22. On September 14, 2005 at approximately 5:49 p.m., defendant Wayne E. Ratcliffe, was operating a commercial motor vehicle as an employee or agent of Werner Enterprises, Inc. and operated the tractor-trailer while using reasonable and due care and in compliance with all other applicable law.

23. At the above time and date, the tractor-trailer being driven by defendant Wayne E. Ratcliffe, while exercising due care and caution and following all other applicable laws, was struck from behind by the vehicle being driven by plaintiff Marc D. Guyan in the right lane of Interstate Route 95 in the Town of Richmond, County of Washington, State of Rhode Island.

24. As a direct and proximate result of the plaintiff's negligence, carelessness, and recklessness, defendants' tractor-trailer sustained damages.

WHEREFORE, defendants Wayne E. Ratcliffe and Werner Enterprises, Inc. respectfully request that this Honorable Court dismiss plaintiff's complaint with prejudice, deny the relief requested therein, and grant judgment in favor of defendants and against plaintiff, and grant such other and further relief as the Honorable Court deems just and proper.

**REQUEST FOR JURY TRIAL**

The defendant hereby requests a trial by jury on all issues that are triable.

RAWLE & HENDERSON LLP

By: ______________________

Gary N. Stewart, Esquire
Identification No.: 5018
Attorney for Defendants,
Wayne E. Ratcliffe and
Werner Enterprises, Inc.

Payne Shoemaker Building
240 N. Third Street, 9th Floor
Harrisburg, PA 17101

130 Touro Street
Newport, Rhode Island 02840
gstewart@rawle.com
(717) 234-7700
(717) 234-7710
Our File No.: 250278

Dated: 3-27-07

2032794-1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within-captioned document was filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

George L. Santopietro
Coia & Lepore, Ltd.
226 South Main Street
Providence, RI 02903

RAWLE & HENDERSON LLP

By:____________________
Gary N. Stewart

Dated: 3-27-07